## 7004

### McTINDALL v. PIEDMONT MUTUAL INS. CO.

ASSESSMENT BY MUTUAL INSURANCE COMPANIES.—The Piedmont Mutual Insurance Company is required to assess each policy in good standing at the time of a loss a sufficient pro rata amount to pay such loss; but after a member has paid such assessment he cannot be again assessed for the same loss.

Before GAGE, J., Spartanburg, June, 1908. Affirmed.

Action by J. H. McTindall against Piedmont Mutual Insurance Company. The facts at issue are thus stated in the "Case:"

"The defendant having resisted payment, the plaintiff brought suit and obtained judgment in the Court of Common Pleas of Spartanburg county on the 30th day of October, 1907, in the sum of $556.95. Thereafter, on the 1st day of March, 1908, the defendant company issued its assessment call for the payment of that and other losses, and out of the receipts therefrom has paid the plaintiff the sum of fifty dollars, claiming that to be the full share coming to the plaintiff from the amount realized from the assessment and taking the position that that is the only amount to which plaintiff is entitled under his policy and under the constitution and by-

laws of the company. That amount was arrived at by the company levying an assessment of twenty per cent. *upon the premium dues* of each policyholder in the company whose policy was in force on the day of the fire. The defendant contends that having made that levy it has exhausted its power in behalf of the plaintiff, and that it cannot levy an additional assessment upon said policyholders because of that fact. Defendant also contends that if all the policyholders who had policies in existence at the time of the fire had paid the assessment so levied that enough would have been realized to pay plaintiff in full, and that the company owes no responsibility to plaintiff for the failure of the delinquents to pay and that defendant cannot levy another assessment upon said policyholders in order to realize the deficiency to plaintiff.

"Plaintiff contends that the defendant owes to him the absolute duty of collecting from the policyholders who had policies in force at the time of the fire an amount sufficient to pay him in full, and that the failure of any of the said policyholders to pay does not release the defendant from its obligation to plaintiff to continue to levy assessments against all policyholders who had policies of force at the date of the fire until the full amount of his debt is paid, and that defendant has not exhausted its power to make such additional levies from the mere fact that it has thus far made an inadequate levy.

"Upon the foregoing statement of facts, it is submitted to the Court to determine whether or not the defendant can be required to make an additional levy, or levies, upon the said class of policyholders, to wit, those who had policies in force at the date of the fire, and if the Court shall hold that such is the duty of the defendant company, then to require that said company perform such duty to plaintiff."

The circuit decree is:

"The contract betwixt the parties, evidenced by the policy, stipulates that the defendant is 'strictly a mutual company.'

16—81

"A mutual company is one provided for by statute ——.
Therein is declared that such company 'may make, assess
and collect upon and from each other such sums of money,
from time to time, as may be necessary to pay losses, * * *
and the assessment and collection of such sums shall be regu-
lated by the constitution and by-laws of the association.'
Sec. 1912, Code of Laws.

"So that the loss in the case at bar is payable by the com-
pany out of assessments to be collected by the company from
its members; and the making of these assessments is fixed
by the constitution and by-laws of the company.

"The constitution provides that losses shall be paid by
assessments on all policyholders, and that those assessments
shall be *pro rata;* by which I understand that each policy-
holder shall contribute to a loss in that proportion which his
policy bears to the aggregate of policies.

"The by-laws contain no provision for the payment of
losses.  The sixth by-law, however, declares that an annual
per cent. premium shall be assessed on all insured property,
for the purpose of defraying the expenses of the corporation;
and it allows any surplus of that fund to be used for the pay-
ment of losses.

"But there is no warrant for the directors to make that
assessment on property for the purpose alone of paying
losses.

"If reference be had to the language of the policy, which
expresses the contract between the parties, it declares that
the defendant agrees to make good the plaintiff's losses 'by
*pro rata* assessments on policies liable.'

"That instrument further declares, in the eleventh para-
graph, that a policyholder who has sustained a loss shall not
sue the company for the collection of his claim until he has
first procured a *pro rata* assessment by the company against
all the policyholders; and, further, that the amount received
by the company from the said assessment shall fix the com-
pany's *liability* to him who has lost.

"I understand that language to mean this: The corporation shall be the trustee for each and all the policyholders; when a policyholders loses, he shall procure the corporation to make the assessment on each of the members; and when the members shall have complied, and paid their *pro rata* share, that fact alone shall finally fix the corporation's liability to pay the loss.

"And from these premises I turn to the issue of the law propounded.

"I am of the opinion that when the company fixed an assessment of twenty per cent. of the premium dues on each policyholder to raise a fund to pay the plaintiff; and when that assessment was ample for the purpose; and when some of the policyholders responded by payment, while others did not; then those who did pay are immune from further assessment to pay that loss.

"Against those who made default the company has a remedy by lien to collect the assessment; and the palintiff is subrogated to that remedy.

"And if there be in the treasury a surplus arising from the assessment on property to defray the expenses of the corporation, then it may be applied to the payment of this loss."

From this decree the plaintiff appealed.

*Mr. Stanyarne Wilson,* for appellant.

*Messrs. Carlisle & Carlisle,* contra.

September 3, 1908. The opinion of the Court was delivered by

Mr. Justice Gary. For the reasons stated by his Honor, the Circuit Judge, the judgment of the Circuit Court is affirmed.